UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SENEN EDUARDO
BECERRA-HERNANDEZ,

       Plaintiff,

v.

                               CASE NO. 1:26-cv-1239

KEVIN RAYCRAFT et al.,                HON. ROBERT J. JONKER

       Defendants.
_____/

**ORDER**

    This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement, challenging the lawfulness of Petitioner's current detention.  According to the petition, Petitioner is a native and citizen of Venezuela.  (Pet., ECF No. 1, PageID.4; *see also* Notice to Appear (NTA), ECF No. 4-1, PageID.53.)  He entered the United States in October 2022.  (NTA, ECF No. 4-1, PageID.53.)

    On January 27, 2025, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 4-1, PageID.53.)  On February 20, 2025, the Chicago Immigration Court released Petitioner under a bond of $2,500.00.  (Feb. 20, 2025, Order Immigration Judge, ECF No. 4-3, PageID.58.)  On March 22, 2026, officers from the Berrien County Sheriff's Office arrested Petitioner and charged him with two counts of Assaulting/Resisting/Obstructing an Officer, two counts of Fleeing from an Officer, and one count of Malicious Destruction of Property.  (Form

I-213, ECF No. 4-4, PageID.62.)

In his petition, Petitioner challenges the lawfulness of his current detention and asks the Court to accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to either release Petitioner or to conduct a bond hearing.  (Pet., ECF No. 1, PageID.9.)  In an order entered on April 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted.  (Order, ECF No. 3.)  Respondents filed their response on April 21, 2026, (ECF No. 4), and Petitioner filed his reply on April 22, 2026, (ECF No. 5).  However, neither the response nor the reply directly addressed some of the unique aspects of this case about which the Court has further questions.   Therefore, the Court orders the parties to submit supplemental briefs addressing the following questions:

1.    What is the significance of the fact that Petitioner was already released on terms of a prior bond when he was arrested on March 22, 2026?

2.    Did Petitioner's conduct on March 22, 2026, violate the terms of his prior bond? And if so, has Petitioner's prior bond already been revoked?

3.    Assuming for the sake of argument that the Court disagrees with Respondent's position that 8 U.S.C. § 1225(b)(2) governs Petitioner's detention,[1] does that mean that the Court must order Respondents to grant Petitioner a bond hearing under 8 U.S.C. § 1226(a), even when Petitioner was already released on bond once under this provision and then arrested on unrelated criminal charges while on bond?  Or does the fact that Petitioner

_____

[1] In a number of cases, the Court has consistently rejected Respondents' position regarding which provision governs the detention of noncitizens who are already present within the United States at the time of their arrest by immigration officials.  *See, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).

likely violated the terms of his prior bond alter the analysis?

4.      Are the parties able to direct the Court's attention to any other cases in which a noncitizen was ordered released on bond, subsequently violated the conditions of release, and then requested a second bond hearing under 8 U.S.C. § 1226(a)?

The parties may address any other issues they wish to address, but the Court expects answers to these questions at a minimum.  Both parties' briefs are due no later than **Friday, May 8, 2026**.

**IT IS SO ORDERED.**


Dated:   April 27, 2026                                /s/ Robert J. Jonker
                                                       ROBERT J. JONKER
                                                       UNITED STATES DISTRICT JUDGE