UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SENEN EDUARDO
BECERRA-HERNANDEZ,

              Petitioner,

v.

KEVIN RAYCRAFT et al.,

              Respondents.

_____/

Case No. 1:26-cv-1239

HON. ROBERT J. JONKER

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Detention Facility in Baldwin, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Pet., ECF No. 1). For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **BACKGROUND**

Petitioner is a citizen of Venezuela who entered the United States without inspection on or about October 7, 2022. (Notice to Appear (NTA), ECF No. 4-1, PageID.53; Pet., PageID.4.) Petitioner was discovered by Border Patrol at or near El Paso, Texas.  (Resp., ECF No. 4, PageID.16.)  He was "released with I-94 as an alternative to detention as a condition of parole . . . due to detention capacity at the Central Processing Facility . . . ." (*Id.*)  An NTA for removal proceedings was issued on January 27, 2025, charging that Petitioner was "present in the United States without being admitted or paroled, or arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 4-1, PageID.53 (citing 8 U.S.C. §

1182(a)(6)(A)(i)).  On March 22, 2026, Petitioner was arrested for obstructing police, damaging property, assaulting a police officer, and fleeing and eluding a police officer.  (Police Rep. ECF No. 8-2, PageID.98.)

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner.  (Pet., ECF No. 1, PageID.9).  In an order entered on April 17, 2023, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted.  (Order, ECF No. 3).  Respondents filed their response on April 21, 2026, (ECF No. 4), and Petitioner filed his reply on April 22, 2026, (ECF No. 5).  Because the Court had additional questions about the legal significance of Petitioner's arrest on March 22, 2026, the Court issued an order requesting the parties to submit supplemental briefs.  (ECF No. 6.) Petitioner submitted his supplemental brief (ECF No. 7) on May 7, 2026, and Respondents submitted their supplemental brief (ECF No. 8) on May 8, 2026.  The Cout has reviewed both supplemental briefs.

## HABEAS CORPUS LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States."  This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001);  *see also A. A. R. P. v. Trump*, 605 U.S. 91, 94 (2025).

**DISCUSSION**

Under the Immigration and Nationality Act, various groups of noncitizens must be detained while their removal cases are proceeding.  As relevant here, 8 U.S.C. § 1226(c) requires the government to detain certain individuals who have been taken into custody based on specified criminal conduct.  More specifically, 8 U.S.C. § 1226(c)(1)(E) directs that officials keep in custody any noncitizen who "is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a)" and is "arrested for . . . acts which constitute the essential elements of . . . assault of a law enforcement officer offense . . . ."  If a noncitizen satisfies those two requirements, then that noncitizen may only be released if the release is necessary for certain purposes related to witness protection and cooperation with law enforcement.  *See* 8 U.S.C. § 1226(c)(4).

Here, Respondents have submitted documents that, on their face, satisfy all the elements of Section 1226(c)(1)(E). The NTA quotes directly from 8 U.S.C. § 1182(a)(6)(A), thus indicating that Petitioner is inadmissible under that section.  (NTA, ECF No. 4-1, PageID.53.)  And the arrest report indicates that Lieutenant Thad Chartrand was the victim of Petitioner's aggravated assault, which means that Petitioner was arrested for assaulting a law enforcement officer.  There is nothing in Petitioner's briefs or in the initial petition that suggests any reason to doubt that Section 1226(c)(1)(E) applies. Thus, based on the record as it stands, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E).  Therefore, the Court will deny the petition for writ of habeas corpus without prejudice.  Should circumstances change such that mandatory detention is no longer required under the statute or should the detention become so prolonged that it raises constitutional concerns, Petitioner remains free to file a new § 2241 petition.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    May 19, 2026                                  /s/ Robert J. Jonker
                                                        Robert J. Jonker
                                                        United States District Judge